IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES EUGENE KNIGHT, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Respondent. ) | 2:15-cv-8017-LSC<br>(2:08-cr-383-LSC) |

**MEMORANDUM OF OPINION**

**I.   Introduction**

The Court has before it Petitioner Charles Eugene Knight's ("Knight's") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The Government has responded in opposition to the motion (doc. 3), and Knight has replied (doc. 4.) For the reasons stated below, the motion is due to be denied.

**II.   Background**

Knight's sentence results from his conviction by a jury of possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §

841(a)(1) (count 1), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (count 2), and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (count 3).

This Court sentenced Knight to a term of imprisonment of 293 months as to count 1 and 3, separately, with each count to run concurrently with the other, plus a term of imprisonment of 60 months as to count 2, with the sentence in count 2 to run consecutively with the sentence imposed in counts 1 and 3, for a total term of 353 months. Judgment was entered on February 6, 2009.

Knight appealed, and the Eleventh Circuit Court of Appeals affirmed Knight's convictions and sentence in an opinion issued on January 14, 2010. Knight did not petition the United States Supreme Court for a writ of certiorari.

Knight filed a motion pursuant to § 2255 on October 22, 2010. (Doc. 55, and docketed in civil case number CV-10-LSC-8046.) This Court denied the motion on the merits on July 6, 2012. The Eleventh Circuit Court of Appeals denied Knight's motion for a certificate of appealability on August 31, 2012.

Knight filed another motion with this Court pursuant to § 2255 on November 4, 2013. (Doc. 59.) This Court denied that motion on March 6, 2015, because it was successive and Knight did not obtain prior authorization to file a successive § 2255 motion from the Eleventh Circuit. (Doc. 60.)

Knight filed the instant § 2255 motion on August 3, 2015. (Doc. 61 and docketed in civil case number 2:15-cv-8017-LSC.)

## III. Discussion

This is Knight's third motion filed pursuant to § 2255. It, like his second motion, is also due to be denied for lack of jurisdiction. 28 U.S.C. §2255(h) requires Knight to follow the procedures of 28 U.S.C. § 2244(b)(3)(A), which states, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Since Knight has not received authorization from the Eleventh Circuit Court of Appeals to file this successive motion, the Court lacks jurisdiction to consider it.

Even if the Eleventh Circuit had authorized Knight to file this successive motion and thus this Court had jurisdiction, the motion would be due to be denied because the Supreme Court case on which Knight bases his claim, *Johnson v. United States*, 135 S. Ct. 2551 (2015), does not apply retroactively to cases on collateral review in which a petitioner is attempting to file a second or successive § 2255 motion. An application for an order permitting a district court to consider a second or successive motion to vacate, set aside, or correct a federal sentence may be granted only if the Eleventh Circuit certifies that the second or successive

motion involves one of the following "two narrow circumstances," *Gilbert v. United States*, 640 F.3d 1293, 1305 (11th Cir. 2011) (en banc):

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Knight does not claim that subsection one is implicated here. As to subsection two, a "new rule of constitutional law," applies retroactively to criminal cases that became final before the rule was announced only if that rule falls within one of two narrow exceptions. *See Teague v. Lane*, 489 U.S. 288, 308, 109 S. Ct. 1060, 1074 (1989) (plurality opinion). The first exception requires the retroactive application of "[n]ew substantive rules." *Schriro v. Summerlin*, 542 U.S. 348, 351, 124 S. Ct. 2519, 2522 (2004) (emphasis omitted). The second exception requires the retroactive application of "a small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 351, 124 S. Ct. at 2523 (internal quotation marks and citation omitted).

The Eleventh Circuit has held that *Johnson* created a new substantive rule of constitutional law. *In re Rivero*, 797 F.3d 986, 990 (11th Cir. 2015). However, in the

same case, the court held that *Johnson* does not apply retroactively to cases on collateral review. Thus, Knight cannot rely on *Johnson* pursuant to 28 U.S.C. § 2255(f)(3). The Eleventh Circuit's more recent opinion in *Mays v. United States*, No. 14-13477, 2016 WL 1211420 (11th Cir. March 29, 2016), does not change the analysis. There, the court held that *Johnson* does apply retroactively to cases on collateral review when the petitioner is relying on *Johnson* in his first habeas petition. *Id.* at *6. The court expressly distinguished *Rivero*, where the petitioner was applying for a second or successive petition, like Knight is here. *Id.*

Even if this Court had jurisdiction over this motion and this was Knight's first § 2255 motion, which would presumably mean that *Johnson* applied retroactively, *see Mays*, *supra*, the motion would still be due to be denied on its merits because *Johnson* has no applicability to the facts of this case.

Under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), defendants receive enhanced sentencing if they are convicted under 18 U.S.C. § 922(g) and have three prior convictions that are violent felonies or serious drug offenses. Specifically, the ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be. . . imprisoned not less than fifteen years. . .

18 U.S.C. § 924(e)(1). The ACCA further defines the term "violent felony," as:

> . . . any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. . .

*Id.* § 924(e)(2)(b)(i)-(ii). Thus, this section of the ACCA has three clauses: the "elements clause" ("has an element the use, attempted use, or threatened use of physical force against the person of another," *see id.* § 924(e)(2)(b)(i)); the "enumerated offenses clause" ("is burglary, arson, or extortion, involves use of explosives . . ." *see id.* § 924(e)(2)(b)(ii)); and the "residual clause" (". . . or otherwise involves conduct that presents a serious potential risk of physical injury to another" *see id.*).

In *Johnson*, one of the defendant's qualifying prior convictions for ACCA sentencing enhancement purposes was for the possession of a sawed-off shotgun that had a barrel shorter than allowed by law. 135 S. Ct. at 2556. The United States argued that the conviction qualified because it fell under the residual clause of the

ACCA's definition of violent felony. *Id.* The Supreme Court found the language of the ACCA's residual clause unconstitutionally vague. *Id.* at 2563.

Knight's Presentence Investigation Report ("PSR") recommended that his sentence on the § 922(g) conviction be enhanced under the ACCA. (Doc. 40.) The PSR counted the following prior Alabama convictions as ACCA predicates: youthful offender (assault second degree) (CC96-5283 in Jefferson County Circuit Court), assault second degree (DC02-634 in Jefferson County District Court), and assault second degree (DC02-1018 in Jefferson County District Court). (*Id.* at 9-14.) Each of these convictions stemmed from situations where Knight used a firearm to cause physical injury to another individual or individuals. The second conviction involved a "drive-by shooting" where Knight fired six to seven shots into a vehicle, striking an individual multiple times. The third conviction was originally charged as attempted murder and involved Knight "pistol whipping" an individual nearly to death. Each of these prior convictions constituted violent felony offenses supporting the application of the ACCA's enhanced penalties because they had "an element the use, attempted use, or threatened use of physical force against the person of another." (*See id.*) There was no reliance on the ACCA's residual clause in applying the enhancement. Knight filed no objections to the PSR, and never objected to his previous assault in the second degree

convictions being considered crimes of violence or violent felonies for the purpose of his sentencing. *See United States v. Peloso*, 824 F.2d 914, 915 (11th Cir. 1987) (when a defendant has been provided with the opportunity to review his PSR and to be heard at the sentencing hearing, his failure to raise a challenge to the PSR at sentencing will preclude him from raising the challenge in a § 2255 motion). These three convictions were for violating Ala. Code § 13A-21(a)(1)-(6), which defines "assault in the second degree" as follows:

> (a) A person commits the crime of assault in the second degree if the person does any of the following:
>
> > (1) With intent to cause serious physical injury to another person, he or she causes serious physical injury to any person.
> >
> > (2) With intent to cause physical injury to another person, he or she causes physical injury to any person by means of a deadly weapon or a dangerous instrument.
> >
> > (3) He or she recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument.
> >
> > (4) With intent to prevent a peace officer, as defined in Section 36-21-60, or emergency medical personnel or a firefighter from performing a lawful duty, he or she intends to cause physical injury and he or she causes physical injury to any person.
> >
> > (5) With intent to cause physical injury to a teacher or to an employee of a public educational institution during or as a

> result of the performance of his or her duty, he or she causes physical injury to any person.
>
> (6) For a purpose other than lawful medical or therapeutic treatment, he or she intentionally causes stupor, unconsciousness, or other physical or mental impairment or injury to another person by administering to him or her, without his or her consent, a drug, substance or preparation capable of producing the intended harm.

Ala. Code § 13A-21(a)(1)-(6). These convictions clearly meet the elements of the ACCA definition of violent felony pursuant to the ACCA's elements clause. In other words, *Johnson*'s invalidation of the residual clause notwithstanding, each of these convictions qualify for § 924(e) treatment due to their falling under the elements clause of the ACCA.

**IV. Conclusion**

For the foregoing reasons, Knight's § 2255 motion is due to be denied.

Additionally, this Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal

quotations omitted). This Court finds that Knight's claims do not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in the defendant's motion, it is due to be denied.

A separate closing order will be entered.

**DONE** AND **ORDERED** ON APRIL 7, 2016.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704